**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PETER DIPIETRO, | 1:19-cv-17014-NLH-JS |
| Plaintiff, | **MEMORANDUM OPINION & ORDER** |
| v. | |
| STATE OF NEW JERSEY, et al., | |
| Defendants. | |

**APPEARANCES:**

PETER DIPIETRO
4321 ATLANTIC BRIGANTINE BLVD.
BRIGANTINE, NJ 08203

    Appearing *pro se*

**HILLMAN, District Judge**

    WHEREAS, Plaintiff, Peter DiPietro, who is appearing pro se, filed a complaint against the State of New Jersey and numerous other defendants[1]; and

---

[1] Plaintiff filed his complaint in the District Court for the District of Columbia on July 17, 2019. That court transferred the case to this District citing 28 U.S.C. § 1391(b). However, that statute defines proper venue and does not, in and of itself, authorize inter-district transfers. Possible options include 28 U.S.C. §§ 1404, 1406 and 1631. It does not appear that the transferor court acted under Section 1404 as that allows transfer not because venue is improper but because it is inconvenient. While 28 U.S.C. § 1406(a) allows for transfer to another district to cure a venue defect it has been interpreted to require a determination by the transferor court that it has subject matter jurisdiction. See Spiniello Companies v. Moynier, 2014 WL 7205349, at *5-6 (D.N.J. 2014) (citing 28 U.S.C. § 1406(a)) (explaining that if a court determines that venue has been improperly laid within its district, § 1406(a) confers discretion to transfer the case or dismiss it); id. ("To

WHEREAS, even though Plaintiff filed an application to proceed without prepayment of fees ("in forma pauperis application" or "IFP"), Plaintiff provided incomplete information and used a "short form," which is not the form accepted in this District;

THEREFORE,

IT IS on this   28th   day of   August  , 2019

ORDERED that within 20 days, Plaintiff shall either pay the appropriate $400 filing fee or submit the proper IFP application to proceed without prepayment of fees[2]; and it is further

ORDERED that if Plaintiff submits the $400 filing fee or

---

effectuate a § 1406(a) transfer to a proper venue, a court must possess subject matter jurisdiction over the case." (citing C. Wright, A. Miller, et al., 14D Fed. Prac. & Proc: Juris. § 3827 (4th ed.) ("A district judge may not order transfer under Section 1406(a) unless the court has jurisdiction of the subject matter of the action....")), *cf*. Sinochem International Co. v. Malaysia International Shipping Corp., 549 U.S. 422 (2007) (convenience-based venue issues may be addressed before the threshold issue of subject-matter jurisdiction) *and* In re: Howmedica Osteonics Corp., 867 F.3d 390, 404 (3d Cir. 2017)(same).  It is possible that the transferor court transferred the matter pursuant to 28 U.S.C. § 1631 which is intended to cure not venue defects but rather jurisdictional ones. See C. Wright, A. Miller, et al., 15 Fed. Prac. & Proc: Juris. § 3842 (4th ed.).  Whatever the basis of transfer may have been, the matter was transferred prior to Plaintiff filing an appropriate filing fee or IFP application.

[2] The proper IFP application can be obtained from the Clerk's office or on the Court's website: https://www.njd.uscourts.gov/forms/application-proceed-forma-pauperis-non-prisoner-ao-239

IFP application, the Court will screen Plaintiff's filing to determine whether it falls within the scope of this Court's January 3, 2013 Order in Civil Action 1:12-2338, <u>DiPietro v. Morisky, et al.</u>, Docket No. 28, where this Court Ordered that Plaintiff was enjoined from filing any claims in this District relating to his 2000 New Jersey state court divorce and child custody case without prior permission of the Court ("Preclusion Order"); and it is further

ORDERED that if Plaintiff fails to submit the appropriate filing fee or IFP application within 20 days, the Clerk shall mark this matter as CLOSED.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |