# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

PETER DIPIETRO,

        Plaintiff,

    v.

STATE OF NEW JERSEY, et al.,

        Defendants.

1:19-cv-17014-NLH-JS

**OPINION**

**APPEARANCES:**

PETER DIPIETRO
4321 ATLANTIC BRIGANTINE BLVD.
BRIGANTINE, NJ 08203

    Appearing *pro se*

**HILLMAN**, District Judge

    Plaintiff, Peter DiPietro, who is appearing *pro se*, filed a complaint against the State of New Jersey and thirty-two other defendants.[1] On August 28, 2019, this Court found that Plaintiff's application to proceed without prepayment of fees ("in forma pauperis application" or "IFP") was deficient because it was provided on a "short form," and the Court ordered Plaintiff to either pay the appropriate $400 filing fee or submit the proper IFP application to proceed without prepayment of fees within 20 days. (Docket No. 7.) The Court further

---

[1] Plaintiff filed his complaint in the District Court for the District of Columbia on July 17, 2019. That court transferred the case to this District on August 21, 2019.

ordered that if Plaintiff submitted the $400 filing fee or IFP application, the Court would screen Plaintiff's filing to determine whether it falls within the scope of this Court's January 3, 2013 Order in Civil Action 1:12-2338, DiPietro v. Morisky, et al., Docket No. 28, in which this Court Ordered that Plaintiff was enjoined from filing any claims in this District relating to his 2000 New Jersey state court divorce and child custody case without prior permission of the Court ("Preclusion Order"). Within 20 days, Plaintiff filed an IFP application, along with a second amended complaint and several other filings. (Docket No. 8-15.)

The Court has reviewed Plaintiff's IFP application (Docket No. 12) and his second amended complaint (Docket No. 8). The Court will grant Plaintiff's IFP application.[2]

Next, the Court must determine whether his claims fall within the Preclusion Order. It appears that Plaintiff's current claims are tangentially related to the 2000 New Jersey state court divorce and child custody case because he was

---

[2] The Court notes that Plaintiff reports that his average monthly income for the past twelve months is $2,500, he owns two trucks with a combined value of $6,000, and he owns tools valued at $1,000. Although the Court considers it a close call, because his reported expenses for rent, utilities, food and clothing almost total his monthly income, the Court will permit Plaintiff to proceed without prepayment of fees.

arrested during a June 10, 2017[3] traffic stop by the Evesham

Township Police for outstanding child support warrants, but the

overall content of Plaintiff's claims does not directly

implicate the Preclusion Order.  His current complaint is

therefore not barred under the Preclusion Order.

Because, however, Plaintiff is proceeding IFP pursuant to

28 U.S.C. § 1915(a)(1), the Court is required to screen

Plaintiff's complaint and dismiss his case *sua sponte* if, among

other things, the action is frivolous or malicious, or if it

fails to comply with the proper pleading standards.  See 28

U.S.C. § 1915(e)(2)(B)(i)-(iii); Stefanowicz v. SunTrust

Mortgage, 765 F. App'x 766, 771 (3d Cir. 2019) ("Section

1915(e)(2)(B) of title 28 directs district courts to *sua sponte*

dismiss any in forma pauperis complaint claim that is frivolous,

malicious, fails to state a claim on which relief may be

---

[3] Plaintiff's complaint states that the Evesham traffic stop
occurred on June 10, 2019.  From the context of the rest of
Plaintiff's complaint, the alleged date of the traffic stop
appears to be a typographical error and he stop actually
occurred on June 10, 2017.  (See, e.g., Docket No. 8 at 6 ¶ 40,
"Claimant filed a civil rights lawsuit against Respondent
EVESHAM TWP. Police Officer Randy Molina and unknown EVESHAM
TWP. Police Officer on July 5, 2017."; id. at 7 ¶ 50, "On May 1,
2019 the claimant was a passenger in a car accident that took
place in Washington, Twp., Respondent Unknown WASHINGTON TWP.
Police Officer ran the claimant's information and arrested the
claimant for a "failure to appear" warrant issued by the
Respondent Judge Karen Caplan of the EVESHAM TWP. MUNICIPAL
COURT inferior court.").

granted, or seeks monetary relief from a defendant who is immune from such relief.").[4]

In his second amended complaint, Plaintiff claims that he is a sovereign citizen who intentionally failed to renew his driver's license because as a sovereign citizen he does not need a license to operate his vehicles on public roads. Plaintiff claims that on June 10, 2017, Evesham Township police officer Randy Molina pulled Plaintiff over for not wearing a seatbelt, which Plaintiff claims is not a crime, and then issued him three tickets, including one for not having a driver's license, which Plaintiff claims he is not required to have because he is a sovereign citizen and "traveler," not a "driver," all of which violated Plaintiff's Fourth Amendment rights. Plaintiff claims that Molina also arrested him for a "void and unenforceable warrant for child support," he was not given his Miranda rights, and his cell phone searched, all in violation of his Fourth Amendment rights.

A large portion of Plaintiff's complaint appears to plead claims arising from Plaintiff's failure to appear in Evesham

---

[4] Even though § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications. <u>Hickson v. Mauro</u>, 2011 WL 6001088, *1 (D.N.J.2011) (citing <u>Lister v. Dept. of Treasury</u>, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (other citations omitted).

Municipal Court for the charges stemming from the June 10, 2017 traffic stop as follows: Charges were brought against him in Camden County Superior Court; on May 1, 2019, Plaintiff was a passenger in a car involved in a car accident and Washington Township police detained him, and the Gloucester County Superior Court charged him, for his failure to appear in Evesham Municipal Court; Plaintiff was transported to the Burlington County jail from May 1, 2019 to May 9, 2019; on May 9, 2019, Plaintiff was transported to the Camden County jail, where he was held for twenty days for a charge of "Criminal Attempt"; on May 29, 2019 Plaintiff was transported to Salem County jail and released the next day.

The remainder of Plaintiff's complaint alleges similar but apparently unrelated scenarios in Hamilton Township and Ocean City, where he was pulled over while driving, issued tickets for a broken tail light, no driver's license, registration, or insurance, and issued tickets for which he failed to appear at his municipal court date (Hamilton Township), and arrested and sent to Atlantic County jail (Ocean City).  For all these events, Plaintiff alleges numerous violations, including violation of his Fourth Amendment rights.

The Court finds that Plaintiff's complaint violates Federal Civil Procedure Rule 8 and Rule 20.  Rule 8 requires a complaint

to provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).

Rule 20 provides, "Persons . . . may join in one action as defendants if:  (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).

Plaintiff's complaint violates Rules 8 and 20 because it is an amalgam of numerous claims against thirty-three defendants that are largely unrelated to each other.  It appears to the Court that Plaintiff's claims arising from the June 10, 2017 traffic stop in Evesham, while appearing to assert similar legal theories, are factual distinct from Plaintiff's claims arising from his traffic stops in Hamilton Township and Ocean City and are asserted against unrelated parties.  Plaintiff's claims against the State of New Jersey and the legal validity of its motor vehicle laws are also unrelated to his claims arising from his encounters with local law enforcement, the municipal and county court systems, and the county jails.

The only common thread in Plaintiff's complaint is his self-professed status as a sovereign citizen who believes he is not required to hold a valid driver's license and fulfill other requirements in order to legally operate his vehicle on public roads, and otherwise is not subject to the authority of the state and its court system. That status, however, does not excuse Plaintiff from his obligation to satisfy Rule 8's requirement of a "short and plain statement" of his claims against all the defendants in a collective pleading, and it does not meet Rule 20's requirement of commonality between the events giving rise to his various claims against the defendants.

Consequently, the Court will dismiss Plaintiff's second amended complaint in its current form. The Court will provide Plaintiff with 30 days to file an amended complaint under this civil docket number that asserts claims against defendants that are sufficiently related to comply with Rule 20(a)(2) – that is, Plaintiff's amended pleading must only contain claims against defendants that arise out of the "same transaction, occurrence, or series of transactions or occurrences."[5]

---

[5] See, e.g., Salley v. Secretary Pennsylvania Dept. of Corrections, 565 F. App'x 77, 80 (3d Cir. 2014) (affirming the district court's § 1915(e)(2)(B)(ii) dismissal of the plaintiff's complaint because it impermissibly attempted to join several unrelated claims against unrelated defendants, contrary to Rules 8 and 20, and affirming the district court's order that

For claims that are not related, Plaintiff must file additional, separate complaints to be assigned new civil action numbers by the Clerk. Each new complaint must be submitted with a filing fee or complete IFP application for the Court's review. If Plaintiff proceeds under IFP status, each new pleading is subject to the § 1915(e)(2)(B)(ii) screening process.

An appropriate Order will be entered.


Date:  October 7, 2019              s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

---

the plaintiff was to file a separate complaint or complaints against the various defendants); Michael v. Garrett, 2017 WL 4364407, at *1 (D.N.J. 2017) (screening the plaintiff's complaint under § 1915(e)(2)(B)(ii) and dismissing it because the plaintiff's complaint was "an amalgam of assertions that did not appear to be connected").